**O**

# United States District Court
# Central District of California

J.R.,

Plaintiff,

v.

UNIVERSAL CITY STUDIOS LLC et al.,

Defendants.

Case № 2:25-cv-01418-ODW (ASx)

**ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE [51]**

## I. INTRODUCTION & BACKGROUND

On October 5, 2022, minor Plaintiff J.R. was visiting Universal Studios with his family. (Pet. ¶ 5, Dkt. Nos. 50 (sealed), 51 (redacted).[1]) As they were leaving a show, the double exit doors crushed J.R.'s right-hand thumb. (*Id.*) J.R. suffered injuries that required medical treatment. (*Id.* ¶¶ 6–8, Ex. 1 ("Medical Reports"), Dkt. Nos. 50-1 (sealed), 51-1 (redacted).)

In October 2024, J.R., by and through his Guardian Ad Litem Christy K. Rose, filed this action asserting premises liability, negligence, and products liability against Defendants Universal City Studios, LLC and NBCUniversal Media, LLC. (Decl.

[1] In light of the confidential nature of the claims and terms of the compromise, the Court granted the parties leave to file the Petition and supporting documents under seal and publicly in redacted form. (Dkt. No. 49.) For the same reasons, the Court also refrains from discussing certain specifics in this Order and instead incorporates by express reference relevant portions of the Petition and exhibits.

Edward E. Ward, Jr. ISO Notice Removal Ex. A ("Compl."), Dkt. No. 4-4.) The parties have agreed to settle the dispute, and Rose now seeks the Court's approval of the proposed compromise of J.R.'s claims. (Pet. ¶ 3, Ex. 2 ("Settlement Agreement" or "SA"), Dkt. Nos. 50-2 (sealed), 51-2 (redacted).) The Petition is unopposed. For the following reasons, the Court **GRANTS** the Petition.

## II. DISCUSSION

Local Rule 17-1.2 mandates that "[n]o claim in any action involving a minor . . . shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." This rule reflects the general principle that "the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Consequently, "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Id.* (citation omitted); *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) ("District courts have a special duty . . . to safeguard the interests of litigants who are minors.").

### A. Procedural Requirements

State law governs a federal court's determination regarding the fairness of a settlement of a minor's claim. *Robidoux*, 638 F.3d at 1181; C.D. Cal. L.R. 17-1.3. Under California law, a court has "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Ct.*, 23 Cal. App. 4th 1378, 1382 (1994) (discussing the authority derived from California Probate Code section 3601). Local Rule 17-1.3 requires that, "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor . . . shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." In turn, California Rule of Court 3.1384 requires a petition for

compromise of a minor's claim to "comply with [California Rules of Court] 7.950, 7.951, and 7.952."

The Petition complies with the relevant procedural rules. First, Rose verified the Petition and disclosed the requisite information for approval of the minor's compromise pursuant to California Rule of Court 7.950.[2] (*See generally* Pet.) Second, J.R.'s counsel, Arkady Tselner, disclosed the requisite information regarding counsel's interest in a petition to compromise a minor's claim pursuant to California Rule of Court 7.951. (*See* Pet. ¶ 16, Ex. 4 ("Decl. Arkady Tselner ISO Pet." or "Tselner Decl."), Dkt. Nos. 50-4 (sealed), 51-4 (redacted).) *See also C.B. v. Sonora Sch. Dist.*, No. 1:09-cv-00285-OWW (SMS), 2010 WL 703191, at *3–4 (E.D. Cal. Feb. 25, 2010) (indicating that the court "reviewed the petition and [found] that it contain[ed] all the information required by . . . Rule 7.950" and "Rule 7.951").) Third, the Court finds that good cause exists to decide the matter without a hearing, so analysis under California Rule of Court 7.952 is unnecessary. *See* Cal. Rules of Court, Rule 7.952 (stipulating that the court for good cause may dispense with the hearing); *see also* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Thus, the Petition substantially complies with the established procedural rules required to petition the Court for approval of the minor's compromise.

### B. Fair and Reasonable Net Recoveries

A court's role in approving a minor's compromise is to "assure that whatever is done is in the minor's best interest," and that "the compromise is sufficient to provide for the minor's injuries, care and treatment." *S.W. v. Frey*, No. 2:09-cv-06936-GAF (CTx), 2011 WL 13213587, at *2 (C.D. Cal. June 7, 2011) (quoting *Goldberg*, 23 Cal. App. 4th at 1382). The Ninth Circuit has instructed that, in cases involving the settlement of a minor's claim, courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the

[2] Although Rose does not submit either form MC-350 or MC-350EX as indicated under California Rule of Court 7.950 or 7.950.5, she discloses the information required by those forms in the Petition. Therefore, the Court finds the Petition substantially complies with Rule 7.950.

settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181–82 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)). "So long as the net recovery to each minor plaintiff is fair and reasonable . . . the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

In light of the facts of this case, the proposed compromise is fair and reasonable. J.R. brought claims related to an injury he allegedly suffered on Defendants' premises. (Pet. ¶ 5.) The Petition reflects that he needed medical treatment in connection with the incident and the compromise accounts for the associated treatment expenses. (*Id.* ¶¶ 5–8; SA.) Further, the Petition reflects that J.R.'s medical providers do not anticipate he will need future medical treatment associated with the incident, so his condition is stable and suitable for compromise. (Pet. ¶ 8; Medical Reports.) In light of the alleged facts and J.R.'s specific claims, the proposed compromise, including the proposed distribution plan for the settlement proceeds, is fair and reasonable. (Pet. ¶¶ 9, 11, 14–15, 17; SA.) Accordingly, the Court finds that the proposed compromise adequately protects J.R.'s interests.

**C. Counsel's Fees and Costs**

Finally, although the Court need not consider the amount of attorneys' fees in determining whether a settlement is fair and reasonable to a minor, it must nevertheless approve the amount of attorneys' fees. *Robidoux*, 638 F.3d at 1182; C.D. Cal. L.R. 17-1.4 (requiring courts to "fix the amount of attorney's fees" in "all actions involving the claim of a minor"); *see A.G.A. v. County of Riverside*, No. 5:19-cv-00077-VAP (SPx), 2019 WL 2871160, at *3 (C.D. Cal. Apr. 26, 2019) (considering the amount requested in attorneys' fees as an "independent matter").

The Petition requests a specific award of attorney fees be paid from the settlement proceeds. (Pet. ¶¶ 12a, 13(2), 15(c).) Attorney Tselner submits a declaration detailing the efforts expended and success achieved on behalf of J.R. and Rose over this multi-year action. (Tselner Decl. ¶¶ 4–7b[3]; Pet. ¶ 16.) He also submits the client agreement reflecting Rose's acceptance of a 35% contingency fee. (Pet. ¶ 16, Ex. 6 ("Contingency Agreement"), Dkt. Nos. 50-6 (sealed), 51-6 (redacted).) The Court has reviewed the proposed fee award, the factual allegations, the compromise achieved, and Tselner's material support, and finds the fee award reasonable. (Pet. ¶ 15(c).)

The Petition also requests that $21,477.19 in litigation expenses and court costs be paid from the settlement proceeds. (*Id.* ¶¶ 12(b), 13(3); Tselner Decl. ¶ 4.) "Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court." *Chance v. Protective Life Ins. Co.*, No. 1:15-cv-01588-DAD (MJS), 2016 WL 900052, at *2 (E.D. Cal. Mar. 9, 2016) (citing Cal. Prob. Code § 3601). Rose submits documentation supporting the requested amount in expenses. (Pet. ¶ 13, Ex. 5 ("Receipts"), Dkt. Nos. 50-5 (sealed), 51-5 (redacted).) As the detailed costs are documented and recoverable, the Court approves distribution of $21,477.19 from the settlement proceeds.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Petition and **APPROVES** the minor's compromise. (Dkt No. 51.) The Court **APPROVES** the distribution plain for settlement proceeds, by payee and amount, as set forth in the sealed Petition at paragraph fifteen and in the sealed Proposed Order. The Court further **APPROVES** the structured payment plan pursuant to the terms and conditions stated in the sealed Petition, (Pet. ¶ 15), Settlement Agreement, (*id.* ¶ 9; SA), Exhibit 7

[3] Tselner's declaration includes two paragraphs numbered seven. The Court refers to the first paragraph seven as "7a" and the second paragraph seven as "7b." Additionally, although the publicly filed and redacted version of Tselner's declaration is missing paragraph six, that paragraph appears in the sealed declaration filed with the Court and served on all parties.

to the Petition, (Pet. 17, Ex. 7, Dkt. Nos. 50-7 (sealed) 51-7 (redacted)), and Proposed Order, (Dkt. No. 50-8).

In light of the parties' notice of settlement and this resolution of the Petition, the Court directs the parties to file a stipulation and proposed order dismissing this action no later than **August 17, 2026**. Failure to comply with this Order may result in the dismissal of this action pursuant to the Court's own authority.

**IT IS SO ORDERED.**

July 27, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**